UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE E. JONES,<br>CDCR No. BU-7712,<br><br>         Plaintiff,<br><br>vs.<br><br>R.J. DONOVAN CORRECTIONAL FACILITY; MENTAL HEALTH TREATMENT TEAM; 2 TOWER Cos; 5th FLOOR Cos; PROGRAM OFFICE,<br><br>         Defendants. | Case No.: 23-CV-01268 JLS (LR)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

  Plaintiff Wayne E. Jones ("Jones" or "Plaintiff") proceeding pro se and currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Complaint ("Compl.," ECF No. 1).

/ / /

/ / /

/ / /

1

|   |   |
|---|---|
| 1 | All parties instituting any civil action, suit or proceeding in a district court of the |
| 2 | United States, except an application for writ of habeas corpus, must pay a filing fee of |
| 3 | $402.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a failure to pay the entire |
| 4 | fee only if the plaintiff is granted leave to commence his suit *in forma pauperis* ("IFP") |
| 5 | pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. |
| 6 | 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff |
| 7 | is a prisoner, and even if he is granted leave to proceed IFP, he remains obligated to pay |
| 8 | the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th |
| 9 | Cir. 2015), regardless of whether his case is ultimately dismissed, *see* 28 U.S.C. |
| 10 | § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). |

     Jones has not paid the $402 in filing and administrative fees required to commence a civil action and has not submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

     Accordingly, the Court **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a) and **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open the case by: (a) paying the entire $402 civil filing and administrative fee in full; *or* (b) completing and filing a Motion to Proceed IFP.

     The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.[2]

**IT IS SO ORDERED.**

Dated: July 17, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[2] Plaintiff is cautioned that if he chooses proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he has paid the full $402 filing fee at once, or is granted leave to proceed IFP and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").